UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-17-7149-MWF (RAOx) | **Date:** February 27, 2018 |
| **Title:** Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [31]; MOTION TO DISMISS DOES 1-10 [30]

Before the Court is Plaintiffs Mingan Chen, Yanme Dai, Li Ge, Pengming Guan, Hong Jia, Hui Jian, Yinshan Lan, Zhiquan Pu, Jue Wang, Zi Wang, Yi Zhang, Changding Zhao, Jun Huang, Yanhong Chen, and Wei Yang's Motion for Default Judgment (the "Motion") against Defendants California Investment Immigration Fund, LLC ("CIIF"); Victoria Chan; Harris Law Group USA, LLC; Tat Chan; Zheng Chang; Fang Zeng; and Harris Group III, LP, filed on January 24, 2018. (Docket No. 31). The Court has read and considered the Complaint and the papers filed in connection with the Motion, and held a hearing on **February 26, 2018**.

Counsel for Plaintiffs appeared at the hearing, but no one appeared on behalf of Defendants. Plaintiffs' counsel indicated he had heard nothing from Defendants or anyone purporting to represent them.

For the reasons set forth below, the Motion is **GRANTED**. Plaintiffs have satisfied all the procedural and substantive requirements for a default judgment.

Also before the Court is Plaintiffs' Motion to Dismiss Without Prejudice Defendants Does 1-10 (Docket No. 30). Does 1-10 have not been named or served in this action, and Plaintiffs accordingly seek to dismiss them pursuant to Federal Rule of Civil Procedure 41. (*Id.*). The Motion to Dismiss Without Prejudice Defendants Does 1-10 is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-7149-MWF (RAOx)				Date:  February 27, 2018
Title:	Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

## I.  BACKGROUND

The Complaint contains the following allegations, which are accepted as true for purposes of the Motion.  *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Plaintiffs are Chinese nationals who wished to move with their families to the United States via the EB-5 Visa Program.  (Compl. ¶ 3).  Defendants are alleged to have fraudulently induced Plaintiffs to invest in bogus enterprises created and maintained by Defendants, and then absconded with each of Plaintiffs' $500,000 in capital investment funds and $40,000 or $50,000 in administrative fees.  (*Id.* ¶ 4).

Defendant CIIF is a California limited liability company owned, operated, and managed by the Defendants in San Gabriel, California.  Defendants fraudulently induced Plaintiffs' to each contribute $500,000 of capital investment funds into various CIIF-sponsored projects.  (Compl. ¶ 8).

Defendant Victoria Chan, daughter of Defendants Tat Chan and Zheng Chang, is an attorney licensed to practice in California and is the sole practitioner and owner of Defendant Harris Law Group USA.  (*Id.* ¶ 9).  Defendant Victoria Chan acted as an attorney for Plaintiffs and filed I-526 immigration forms on their behalf.  (*Id.*).

Defendant Tat Chan is the principal and general partner of CIIF, and is alleged to be the "mastermind" behind the CIIF fraudulent scheme.  He made false representations to Plaintiffs, arranged to provide legal services to Plaintiffs through is daughter's law firm, and fraudulently induced Plaintiffs to sign documents.  (Compl. ¶ 10).  Defendant Zheng Chang also actively promoted the false EB-5 projects and participated in deceiving Plaintiffs and perpetuating the fraudulent scheme.  (*Id.* ¶ 11).  Defendant Fang Zeng is a Chinese national residing in California who also actively participated in the fraudulent scheme.  (*Id.* ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-7149-MWF (RAOx)**  **Date:  February 27, 2018**
**Title:**    Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

Together, Defendants are alleged to have created, owned, operated and managed a number of companies related to Harris Law Group USA and CIIF, some of which are still active, that were used in furtherance of the fraudulent scheme.  (Compl. ¶ 13, 14).

Specifically, Defendants represented to Plaintiff that their funds would be held in escrow until Plaintiffs' I-526 immigration petitions were approved by the United States, at which point Plaintiffs' funds would be used for the development costs of an EB-5 project.  (Compl. ¶ 5).  Instead, Defendants diverted the funds to multiple bank accounts in their control, and spent the money on multiple real properties, luxury cars, and other items for their own personal use.  (*Id.* ¶ 6).  None of Plaintiffs' funds were used to develop EB-5 projects.  (*Id.* ¶ 7).

Defendants specifically targeted Plaintiffs and other Chinese nationals for whom English was not a first language.  (Compl. ¶ 16).  From 2012 to 2015, Defendants Victoria Chan and Tat Chan promised Plaintiffs that their payments to CIIF were qualified investments in valid EB-5 projects that would result in Plaintiffs obtaining green cards and a return on their investments.  (*Id.*).  They also falsely promised Plaintiffs that their investments would be refunded if their I-526 petitions were denied.  (*Id.* ¶ 17).  They also fraudulently induced Plaintiffs to sign a number of immigration forms and agreements, often by providing the documents in English only or by providing them to Plaintiffs as blank documents and modifying the terms after execution.  (*Id.* ¶¶ 23-25).  Plaintiffs' signatures on these forms constituted sales of securities.  (*Id.* ¶ 26).  Defendants also forged Plaintiffs' signatures on U.S. Immigration forms to further perpetuate the fraud.  (*Id.* ¶ 20).

Defendants' misrepresentations were substantial factors in Plaintiffs' decisions to (1) each pay Defendants $500,000 in capital investment funds plus $40,000 or $50,000 in administrative fees; and (2) hire Tat Chan as their advisor and retain Victoria Chan as their attorney to represent them in the visa process.  (Compl. ¶ 18).  Plaintiffs Li Ge, Changding Zhao, Yi Zhang, and Wei Yang have already received partial refunds of their investments and withdrawn their I-526 petitions.  (Compl. ¶¶ 28-29).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-17-7149-MWF (RAOx)**          **Date: February 27, 2018**
Title:     Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

      The EB-5 category of visas is set aside for qualified foreign nationals who contribute to the economic growth of the United States by investing in U.S. businesses and creating jobs for U.S. workers. (Compl. ¶ 30). Applicants must invest $1,000,000 or $500,000 in a new commercial enterprise in the United States, and demonstrate that there is an actual undertaking of business activity that puts the capital contribution at risk. (Compl. ¶¶ 30-37). When Plaintiffs first applied via the EB-5 program, there was no significant wait time for visas to become available. However, the program has become more popular, and if they now wish to reapply they may face an eight- to ten-year wait period for a visa, and then two more years for lawful permanence residence. (*Id.* ¶ 40).

      The United States government is currently pursuing several civil forfeiture actions against various properties acquired by Defendants with Plaintiffs' funds. (Compl. ¶ 21).

      Based on the facts described above, Plaintiffs assert the following seven claims for relief:

1. Violation of Section 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5, against all Defendants;
2. Intentional Misrepresentation, against Tat Chan and Victoria Chan;
3. Fraudulent Concealment, against Tat Chan and Victoria Chan;
4. Negligent Misrepresentation, against Tat Chan and Victoria Chan;
5. Breach of Fiduciary Duty, against Victoria Chan;
6. Conversion, against all Defendants; and
7. Breach of Contract, against Tat Chan, Victoria Chan, CIIF, and The Harris Group III.

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-7149-MWF (RAOx)          Date: February 27, 2018
Title:     Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

## II. DISCUSSION

### A. Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Plaintiffs have met all procedural requirements for obtaining a default judgment against Defendants.

Plaintiffs filed Proofs of Service indicating that all Defendants were served with the Summons and Complaint in this action pursuant to "Fed. R. Civ. P. 5(b)(2)(B) and (C)." (Docket Nos. 20-26). However, it is Rule 4, not Rule 5, which sets forth the requirements for effecting service of the Summons and Complaint. Nonetheless, based on the declarations filed alongside the Proofs of Service, the Court is satisfied that on November 3, 2017, the individual Defendants were served in accordance with Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure section 415.20. (Docket Nos. 21, 23, 25, 26).

Specifically, on November 3, 2017, Plaintiffs' service processor traveled to an address discovered by Plaintiffs' private investigators to be a current residence for Defendants Fang Zeng, Tat Chan, Zheng Chang, and Victoria Chan in Arcadia, California. (Declaration of Lynda Larsen ("Larsen Declaration") ¶¶ 3, 5 (Docket No. 21-3); Declaration of Annabelle Crowley ("Crowley Declaration") ¶ 3 (Docket No. 21-3)). The security guard on duty called one of the tenants, Victor Chan, and read to him the names of all the defendants that were to be served. Victor Chan, who public record searches had identified previously as Defendant Tat Chan's son and Defendant Victoria Chan's brother, said that he would accept service for all of the documents and instructed the process server to put them in the mailbox outside the home. He said he would not come to the door. (Crowley Decl. ¶ 3). Victor Chan did not answer the door for the process server when she arrived at the residence, and she placed in the mailbox all of the copies of the Summons and Complaint, as instructed by Victor Chan. (*Id.* ¶ 4). On November 4, 2017, the private investigator also mailed to Victor Chan copies of the legal process for all the named Defendants. (Larsen Decl. ¶ 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-7149-MWF (RAOx)          **Date:** February 27, 2018
**Title:**     Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

      The Court is also satisfied that on November 3, 2017, Defendants CIIF, Harris Law Group USA, and The Harris Group III were served in accordance with Federal Rule of Civil Procedure 4(h)(A) and California Code of Civil Procedure section 416.40. (Docket Nos. 20, 22, 24). Specifically, private investigators hired by Plaintiffs learned from the California Secretary of State records that Defendant Victoria Chan is listed as the registered agent for Defendants CIIF, Harris Law Group USA, and The Harris Law Group III. (Larsen Decl. ¶ 4). When the process server visited registered agent's listed address, she discovered the office suite was vacant, though signs on the wall read in English and Chinese, "Harris Law Group" and "California Investment Immigration Fund LLC." (*Id.* ¶ 8). The front desk supervisor told the process server the office had been vacated months ago after a raid was conducted and search warrants served. (*Id.*). The process server then visited another address listed as current for the individual defendants, as described above, and served the papers for Defendants CIIF, Harris Law Group USA, and The Harris Group III on Victor Chan, as described above. (Crowley Decl. ¶¶ 3-4). Copies of the documents were then also mailed to that address on November 4, 2017. (Larsen Decl. ¶ 16).

      As a matter of discretion, the Court also requires that a plaintiff serve a motion for default judgment on the relevant defendant(s). The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendants. Although Plaintiffs do not appear to have served copies of the Motion on the Defendants, they have filed a declaration indicating that letters were sent each Defendant's last known address giving Defendants notice of the Motion by providing the case name and number; the date, time, and location of the hearing on the Motion; the amount of damages sought by the Motion; and contact information for Plaintiffs' counsel. (Declaration of Jack Cairl ¶ 6, Ex A (Docket Nos. 31-6, 31-7)). The Court is therefore satisfied that Defendants have received sufficient notice of the Motion.

      Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Upon review of the record and the documents filed in connection with the Motion, all five of the procedural requirements imposed by Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against the Defendants on December

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-7149-MWF (RAOx)          **Date:** February 27, 2018
**Title:**    Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

12, 2017; (2) Defendants failed to respond to the Complaint; (3) Plaintiffs have served Defendants with notice of the Motion in a manner deemed appropriate by the Court; (4) Defendants are not infants or incompetent persons; and (5) Defendants are not in the military, so the Service Members Civil Relief Act does not apply. (*See* Docket Nos. 20-26, 28; Declaration of Jack Cairl ¶¶ 5, 6).

Accordingly, the Motion is procedurally sound.

### B.    The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id*. If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages. Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion as to the claims under Rule 10b-5, intentional misrepresentation, negligence, and concealment. These claims support Plaintiffs' requested damages and injunction. Therefore, the Court has no occasion to evaluate the remaining claims.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-17-7149-MWF (RAOx)          Date: February 27, 2018
Title:     Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

### C. Remedies

Having determined that entry of default judgment is appropriate, the Court must next consider remedies. Plaintiffs seek damages, injunctive relief, and reasonable attorneys' fees.

### 1. Damages

Plaintiffs seek special damages in the amounts they invested or spent on Defendants' fraudulent scheme, as well as punitive damages commensurate with those amounts. Although Plaintiffs seek a total of $30,000,000.00 in punitive damages by way of the Motion, they sought only $20,000,000.00 in punitive damages by way of the Complaint. (Compl. at 22). Accordingly, the Court limits the award of punitive damages here to the $20,000,000.00 requested in the Complaint. The Court also notes that the requested total amount of $7,180,400 in special damages does not correspond to the sum of the special damages requested for each Plaintiff. The sum of the special damages requested for each Plaintiff is $6,730,400.00, which is what the Court awards here.

The Court **GRANTS in part** the monetary relief requested, distributed among the 15 Plaintiffs as follows:

1. To Plaintiff Mingan Chen, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

2. To Plaintiff Yanmei Dai, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

3. To Plaintiff Pengming Guan, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

4. To Plaintiff Hong Jia, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-17-7149-MWF (RAOx)            **Date:**  February 27, 2018
Title:       Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

   5. To Plaintiff Hui Jiang, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   6. To Plaintiff Yinshan Lan, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   7. To Plaintiff Zhiquan Pu, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   8. To Plaintiff Jue Wang$2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   9. To Plaintiff Zi Wang, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   10. To Plaintiff Jun Huang, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   11. To Plaintiff Yanhong Chen, $2,140,000, consisting of the sum of $540,000 in special damages, and $1,600,000 in general and punitive damages;

   12. To Plaintiff Wei Yang, the sum of $246,800 in special damages, and $700,000 in general and punitive damages;

   13. To Plaintiff Yi Zhang, the sum of $246,800 in special damages, and $700,000 in general and punitive damages;

   14. To Plaintiff Changding Zhao, the sum of $246,800 in special damages, and $700,000 in general and punitive damages; and

   15. To Plaintiff Li Ge, the sum of $50,000 in special damages, and $300,000 in general and punitive damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-7149-MWF (RAOx)            Date:  February 27, 2018
Title:      Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

The Court awards a total of $6,730,400.00 in special damages and $20,000,000.00 in punitive damages, for a total monetary damages award of **$26,730,400.00.**

### 2. Injunctive Relief

Plaintiffs seek an injunction enjoining the Defendants and their agents from disposing of any proceeds, assets, or real property; stripping equity in real property; or transferring any money out of any bank accounts they control without a Court order authorizing such a transaction. (Mot. at 12). Plaintiffs seek such relief in order to prevent Defendants from continuing to divert illegally obtained proceeds of their fraudulent scheme. (*Id.*).

In order to obtain injunctive relief, Plaintiffs must show that (1) they have suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for injury; (3) the balance of hardships favors such relief; and (4) the public interest is not disserved by an injunction. *Geertson Seed Farms v. Johanns*, 570 F.3d 1130, 1136 (9th Cir. 2009).

Plaintiffs have demonstrated that they have suffered injuries in the form of disruption to their lives and plans for their families and careers that cannot be fully corrected with the award of monetary damages. Given the nature of Defendants' conduct, Plaintiffs have also demonstrated that, absent entry of the requested injunction, Defendants will likely continue to harm Plaintiffs by diverting the illegally obtained funds and preventing Plaintiffs from recovering their stolen funds. Ensuring that Defendants do not further profit from illegal activity is in the public interest. (Mot. at 12). The Court therefore finds that such an injunction is appropriate and **GRANTS** the request for an injunction.

### 3. Attorneys' Fees and Costs

Plaintiffs request an award of attorneys' fees and costs, but point to no statute authorizing such fees. Rule 10b-5 does not authorize the award of attorneys' fees to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-7149-MWF (RAOx)          **Date:** February 27, 2018
Title:     Mingan Chen, et al. v. California Investment Immigration Fund, LLC, et al.

the prevailing party. *Flood v. Miller*, 35 Fed. Appx. 701, 705 (9th Cir. 2002). Accordingly, the Court **DENIES** the request for attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, the Motion for Default Judgment is **GRANTED**. A separate Judgment will issue.

The Motion to Dismiss Does 1-10 is also **GRANTED**.

IT IS SO ORDERED.